IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPP LIQUIDATING COMPANY, INC. (f/k/a Orchids Paper Products Company), et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10729 (MFW)<br><br>(Jointly Administered) |
| BUCHWALD CAPITAL ADVISORS LLC, as Liquidating Trustee of the Orchids Paper Products Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY S. SCHOEN, MINDY BARTEL, RODNEY D. GLOSS, KEITH SCHROEDER, STEVEN R. BERLIN, JOHN C. GUTTILLA, DOUGLAS E. HAILEY, ELAINE MACDONALD, and MARK RAVICH,<br><br>Defendants. | Adv. Case No. 21-50431 (MFW) |

## AMENDED SCHEDULING ORDER

The Court previously having entered a Scheduling Order on May 23, 2022 agreed to the parties [ECF No. 44]; the deadlines in the Scheduling Order pertaining to Rule 7026(a)(1) initial disclosures, joinder of other parties and amendment of pleadings having passed; and the parties having agreed to modifications to the Scheduling Order;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are OPP Liquidating Company, Inc., a Delaware corporation (6944) (f/k/a Orchids Paper Products Company), OPP Liquidating Company of South Carolina, Inc., a Delaware corporation (7198) (f/k/a Orchids Paper Products Company of South Carolina), and OLSC Liquidating Company, LLC, a South Carolina limited liability company (7298) (f/k/a Orchids Lessor SC, LLC).

IT IS ORDERED that:

1. **Discovery**.

    a. The parties are expected to conduct discovery consistent with Local Rule 7026-1 and Federal Rules of Civil Procedures 26 through 37.

    b. **Discovery Cut Off**. All non-expert discovery in this case shall be initiated so that it will be completed on or before January 31, 2023.

    c. **Document Production**. Document production shall be substantially complete by November 17, 2022.

    d. **Requests for Admission**.

        i. A maximum of 50 requests for admission are permitted for each side.

        ii. In addition to the above, each of Defendants Bartel, Gloss, and Schroeder (the "CFO Defendants") are permitted to serve an additional 20 non-duplicative requests for admission; and Plaintiff shall be permitted to serve an additional 20 requests for admission on each of the CFO Defendants.

    e. **Interrogatories**.

        i. A maximum of 50 interrogatories, including contention interrogatories, are permitted for each side.

        ii. In addition to the above, each of the CFO Defendants are permitted to serve an additional 20 non-duplicative interrogatories; and Plaintiff shall be permitted to serve an additional 20 interrogatories on each of the CFO Defendants.

f. **Depositions**.

   i. **Limitation on Depositions**. Each side is limited to a total of 15 depositions per side unless otherwise ordered by the Court.

   ii. **Location of Depositions**. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by agreement of the parties or by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

g. **Disclosure of Expert Testimony**.

   i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 15, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before April 14, 2023. Reply expert reports from the party with the initial burden of proof are due on or before May 1, 2023. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. **Objections to Expert Testimony**. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

2. **Mediation**.

    a. The parties shall agree to a mediator and mediation procedures by May 1, 2023. If the parties cannot agree to a mediator or procedures, the parties shall prepare a joint report to the court identifying at least three proposed mediators for the court to select from; all agreed procedures; and any competing procedures.

    b. Mediation shall be completed by June 30, 2023, subject to further discussion between the parties and agreement that an additional mediation would be productive.

    c. Within 7 days following mediation, the parties shall file a joint status report to the court following mediation to advise if the case is resolved, discussions continue, or an impasse has resulted.

    d. The foregoing deadlines in this section are not intended to preclude the parties from engaging in an earlier mediation.

3. **Application to Court for Protective Order**. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential

information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed order should include the following paragraph:

> **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to Chambers an original and one copy.

5. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 30, 2023. Briefing will be presented pursuant to Del. Bankr. L.R. 7007-1.

6. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should comply with Del. Bankr. L.R. 7007-1 through 7007-4.

7. **Pretrial Conference**. On July 11, 2023, the Court will hold a Pretrial Conference beginning at 10:30 a.m. ET.

Dated: October 3rd, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE