IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPP LIQUIDATING COMPANY, INC. (f/k/a Orchids Paper Products Company), et al.,[1]<br><br>Debtors.<br>─────────────────────────────<br>BUCHWALD CAPITAL ADVISORS LLC, as Liquidating Trustee of the Orchids Paper Products Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY S. SCHOEN, individually;<br>MINDY BARTEL, individually;<br>RODNEY D. GLOSS, individually;<br>KEITH SCHROEDER, individually;<br>STEVEN R. BERLIN, individually;<br>JOHN C. GUTTILLA, individually;<br>DOUGLAS E. HAILEY, individually;<br>ELAINE MACDONALD, individually; and<br>MARK RAVICH, individually,<br><br>Defendants. | Chapter 11<br><br>Case No. 19-10729 (MFW)<br><br>Jointly Administered<br><br><br><br><br><br><br><br><br><br>Adv. Case No. 21-50431 (MFW) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION ON TIME-BARRED CLAIMS**

Plaintiff, Buchwald Capital Advisors LLC, as Liquidating Trustee of the Orchids Paper Products Liquidating Trust (the "Liquidating Trustee"), hereby responds in opposition to the *Defendants' Motion for Leave to File Dispositive Motion on Time-Barred Claims* (Docket No. 75)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are OPP Liquidating Company, Inc., a Delaware corporation (6944) (f/k/a Orchids Paper Products Company), OPP Liquidating Company of South Carolina, Inc., a Delaware corporation (7198) (f/k/a Orchids Paper Products Company of South Carolina), and OLSC Liquidating Company, LLC, a South Carolina limited liability company (7298) (f/k/a Orchids Lessor SC, LLC).

00738841.DOCX 4

(the "Motion"), filed by Defendants Jeffrey S. Schoen ("Schoen"), Mindy Bartel ("Bartel"), Rodney D. Gloss ("Gloss"), Keith Schroeder ("Schroeder"), Steven R. Berlin ("Berlin"), John C. Guttilla ("Guttilla"), Douglas E. Hailey ("Hailey"), Elaine MacDonald ("MacDonald"), and Mark Ravich ("Ravich") (collectively, the "Defendants"), and states as follows:

## I. INTRODUCTION

Evidently unsure of their rights and the operation of the Federal Rules of Civil Procedure, the Defendants asked the Liquidating Trustee to stipulate that they could file more than one motion for summary judgment in this case. After the Liquidating Trustee responded that it was not in a position to stipulate to any procedural rights beyond those provided by the rules, the Defendants brought their request before the Court seeking expedited relief.[2] The Motion itself is an oddity, inasmuch as it is framed as a motion for leave to do something for which leave is not required – file a motion for summary judgment – but simultaneously requests leave to file a *second* motion for summary judgment based upon the Defendants' "anticipat[ion]" that good cause for the subsequent motion may yet be uncovered "following additional discovery."[3] Based as it is upon hypotheticals and assumptions, the request seeks little more than an advisory opinion.

What is more, the Defendants rely upon a hodge-podge of factually inapposite case law, and generalized recitations of the Court's inherent powers in support of a request that is premature, at best. Indeed, it is beyond dispute that it is within a court's authority to permit a party to file more than one motion for summary judgment upon a showing of good cause, but the Defendants would have the Court preemptively find good cause for such a filing. It is also beyond dispute that

---

[2] Neither the Motion nor the contemporaneously filed motion for expedited briefing schedule (Docket No. 76) sets forth a good faith basis for expedited relief. Both beg the question, "Where's the fire?"

[3] Motion at 3. It is ironic that Defendants claim an additional summary judgment motion may be filed following "additional discovery." Defendants themselves have embarked on an effort to stonewall the Trustee's ability to conduct depositions, feigning the idea that the mere filing of a summary judgment motion may halt all discovery prior to the Court ordered deadline. Discovery must and should continue.

the Defendants' mere anticipation that they may uncover good cause for a subsequent motion falls woefully short of their burden, as the moving party, of *demonstrating* good cause exists for the relief sought. Accordingly, the Motion should be denied.

## II. RELEVANT PROCEDURAL BACKGROUND

1. On March 25, 2022, the Trustee filed its *Second Amended Complaint for Breach of Fiduciary Duty* (Docket No. 38) (the "Second Amended Complaint"), which solely amended allegations related to Count IV to address the deficiencies found by the Court.

2. On April 20, 2022, each of the CFO Defendants filed a separate *Answer and Affirmative Defenses to the Second Amended Complaint* (Docket Nos. 39-41), and the Schoen Defendants filed a joint *Answer and Affirmative Defenses to the Second Amended Complaint* (Docket No. 42).

3. On May 23, 2022, the Court entered the *Scheduling Order* (Docket No. 44), which provided for, inter alia, a cut-off for all non-expert discovery of December 15, 2022, and a pre-trial conference to be held on June 1, 2023.

4. On September 20, 2022, the Court heard oral argument and ruled upon the Defendants' *Motion for Order Compelling Compliance with Discovery Requests* (Docket No. 61), and directed the parties to confer and agree upon a schedule for the Plaintiff's supplementation of its discovery responses pursuant to the Court's ruling.

5. Thereafter, the parties conferred, agreed to revise the *Scheduling Order* to provide for, inter alia, a cut-off for all non-expert discovery of January 31, 2023, and a pre-trial conference to be held in July of 2023, and submitted a proposed Amended Scheduling Order to the Court, which reflected same.

6. On October 3, 2022, the Court entered the *Amended Scheduling Order* (Docket No. 73), which provides for, inter alia, a cut-off for all non-expert discovery of January 31, 2023, and a pre-trial conference to be held on July 11, 2023.

### III.    ARGUMENT

The *Amended Scheduling Order* in this case requires the completion of all non-expert discovery on or before January 31, 2023. In an effort to comply with the Court's deadlines, the undersigned requested that the Defendants provide dates in January upon which they are available to be deposed. Despite that request, however, the Defendants have failed to provide a single deposition date. In fact, concurrently with the filing of the Motion, counsel for the Defendants flatly refused to even schedule depositions until the Liquidating Trustee agrees to a yet-to-be-proposed "adjustment" to the scheduling order "to take into account briefing on a dispositive motion relating to the tolling arguments before depositions commence."[4] But regardless of the Defendants' confidence in their purportedly forthcoming motion for summary judgment, the tactic of holding the discovery process hostage to their whims is indefensible and runs counter to the *Amended Scheduling Order*.

Indeed, while the Defendants have repeatedly asserted that the statute of limitations is a "gating issue" in this case,[5] it would not even be dispositive of a single cause of action pled in the Amended Complaint, let alone the entire case. At best, the Defendants' success (which is unlikely in any event) would carve away certain of the Defendants' acts as bases for the Liquidating Trustee's claims for breach of fiduciary duty, *but the entire case and every cause of action* pled in the Amended Complaint *would proceed* (the Defendants do not assert otherwise). It is therefore difficult to understand the representation of this as a "gating issue" and the Defendants' refusal to

---

[4] Email from V. Lazar to D. Quick, Dec. 12, 2022.
[5] *See, e.g.*, Motion at 5.

offer dates and make themselves available for depositions (*which will also be required regardless of the filing and outcome of their motion*) as anything other than vexatious litigation conduct.

Furthermore, the Motion also bears a misnomer, and the relief actually sought lacks any support in the rules or case law cited by the Defendants. Indeed, none of the cases cited by the Defendants support the notion that a court ought to grant leave to file a successive motion for summary judgment when the first motion is yet to be filed and the good cause which may warrant filing the second is hypothetical.[6] And the Defendants' failure to actually set forth good cause for leave to file a successive motion is fatal under the rules in any event.

To be sure, pursuant to Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure, made applicable herein by Federal Rule of Bankruptcy Procedure 7007, it is the duty of the movant to "state with particularity the grounds for seeking [an] order," yet the Defendants have failed to do so. Rather than present good cause for leave to file a second motion for summary judgment, the Defendants merely assert, in the most general of terms, that such relief is warranted based upon their "anticipat[ion]" that they *may* in the future happen upon grounds for such a motion "following

---

[6] To wit, the Defendants rely upon four legally and factually inapposite cases in their Motion: *Young v. Pleasant Valley School District,* No. 07-CV-00854, 2013 WL 1856573 (M.D. Penn. May 2, 2013), *Rascoe v. Susquehanna Township,* No. 15-CV-0994, 2018 WL 3233361 (M.D. Pa. Mar. 6 2018), *Riddle v. Bank of America Corporation,* No. 12-1740, 2013 WL 6061363 (E.D. Pa. Nov. 18, 2013), and *Searcy v. Anderson Erickson Dairy Company*, No. 16-CV-00475-CFB, 2017 WL 11180255 (S.D. Iowa Oct. 12, 2017). In the matter of *Young v. Pleasant Valley School District,* the court granted a defendant leave to file a renewed motion for summary judgment after it vacated a judgment against the defendant (finding it to be against the weight of evidence adduced at trial) and ordered a new trial. 2013 WL 1856573, at *1–2. Thus, in *Young*, the court found good cause to permit a successive motion for summary judgment based upon the unique facts before it: the specter of a new trial based upon evidence previously determined to be insufficient to support a verdict for the plaintiff. *Id.* In *Rascoe v. Susquehanna Township*, the court dismissed a case at the pleading stage because the allegations of the plaintiffs' third amended complaint did not support equitable tolling and the plaintiff had been given "specific instructions" to "address the issue of equitable tolling," but failed to do so. 2018 WL 3233361, at *9. In *Riddle v. Bank of America Corporation*, the court ordered a period of limited discovery on equitable tolling issues following its denial of a motion to dismiss, and then considered and granted a motion for summary judgment entirely disposing of the case following the completion of that discovery. 2013 WL 6061363, at *1, 9–10. And, finally, the matter of *Searcy v. Anderson Erickson Dairy Company*, the court did nothing more than establish a deadline for the filing of a motion addressing with a particular claim was time-barred. 2017 WL 11180255, at *7.

additional discovery."[7]  Thus, the good cause supposedly warranting the relief sought is at this stage totally hypothetical.  And even if the request were construed as one seeking assurance that a subsequent motion could be filed upon an *actual showing* of good cause, it would be nothing more than an invitation for this Court to issue an advisory opinion, which would also be due to be denied. *See U.S. v. Bogart*, No. 12-CV-347, 2014 WL 6908270 at *1 (M.D. Penn. Dec. 8, 2014) (refusing to answer "legal propositions based on a hypothetical set of facts," which would constitute issuing an advisory opinion).

## IV.    CONCLUSION

Discovery does not suddenly stop because a defendant decides it is ready to file a motion for summary judgment, even if the motion would be dispositive of the entire case.  Nonetheless, the Defendants have unilaterally stonewalled the deposition process because they intend to file a motion that would not be dispositive of even a single claim in the Second Amended Complaint. Such bad faith litigation conduct cannot be countenanced.  As if that were not enough, however, the Defendants also come before the Court seeking an advisory opinion to lend credence to their litigation tactics.  But the Defendants must rely upon their counsel – not the Court – to chart their litigation strategy and advise them of the potential pitfalls of their actions.  And the grounds for relief must be asserted with particularity – not in the abstract.  Accordingly, where, as here, a party seeks to rely upon hypothetical facts to obtain a comfort order for a proposed course of conduct, the Court should decline the invitation to issue an advisory opinion and deny the Motion.

WHEREFORE, the Trustee respectfully requests this Court enter an order denying the Motion, and granting any other relief it deems just and proper.

---

[7] Motion at 3.

| | |
|---|---|
| Dated: December 19, 2022 | **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**<br><br>*/s/ Marc J. Phillips*<br>Marc J. Phillips (No. 4445)<br>1105 North Market Street<br>Suite 1500<br>Wilmington, DE 19801<br>Telephone: 302.504.7823<br>Email: mphillips@mmwr.com<br><br>-and-<br><br>**BAST AMRON LLP**<br>Brett M. Amron, Esq. (*admitted Pro Hac Vice*)<br>Dana R. Quick, Esq. (*admitted Pro Hac Vice*)<br>Peter J. Klock, Esq. (*admitted Pro Hac Vice*)<br>One SE Third Avenue, Suite 2410<br>Miami, Florida 33131<br>Telephone: 305.379.7904<br>Facsimile: 786.206.8740<br>Email: bamron@bastamron.com<br>Email: dquick@bastamron.com<br>Email: pklock@bastamron.com<br><br>*Special Litigation Counsel to Buchwald Capital Advisors LLC, as Liquidating Trustee of the Orchids Paper Products Liquidating Trust* |